IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS JOHN MANIFOLD, JR. TDCJ No. 2135365, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1080-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Douglas John Manifold, Jr. ("Manifold"), a Texas prisoner, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. After examining the petition, pertinent portions of the state-court record, the State's response to the petition, and Manifold's reply to the State's response, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Manifold's petition for habeas relief.

### Applicable Background

Manifold was charged with, and convicted by a jury of, tampering with evidence and possession of a controlled substance (methamphetamine) with

intent to deliver. *See State v. Manifold, Jr.*, Nos. F-31102, F-31227 (196th Jud. Dist. Ct., Hunt Cnty., Tex. May 4, 2017) The court assessed a punishment of fifty years' imprisonment for both cases, to run concurrently. *Id.*; *see also* Dkt. No. 15-1 at 7; Dkt. No. 15-2 at 7. Manifold appealed directly to the Texarkana Court of Appeals, which affirmed his convictions. *See Manifold v. State*, No. 06-17-00101-CR, 2017 WL 5180287 (Tex. App. – Texarkana Nov. 9, 2017, pet. ref'd); *Manifold v. State*, No. 06-17-00103-CR, 2017 WL 5180289 (Tex. App. – Texarkana Nov. 9, 2017, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") then refused Manifold's petition for discretionary review. *See Manifold v. State*, Nos. PD 279-18, 348-18 (Tex. Crim. App. June 6, 2018). Manifold then sought state habeas relief as to each conviction, but both petitions were denied without written order. *See Ex parte Manifold*, WR-89,717-01, 02 (Tex. Crim. App. April 17, 2019). Then, proceeding *pro se*, he filed an application with this Court for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in

3

justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted)). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's

4

determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already

5

rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's

6

decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable

7

factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable

8

application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

### A. Due Process

Manifold claims that the trial court deprived him of due process when it failed, despite request, to issue or record its findings of fact or conclusions of law following a hearing (presumably a hearing on his motion to suppress). *See* Dkt. No. 3 at 7. But this claim was not presented to the TCCA as a due process claim, either in Manifold's PDR or his state habeas applications. *See generally* Dkt. Nos. 15-5, 15-6, 15-7. Instead, in his state habeas court proceedings, Manifold complained that his trial counsel was ineffective for failing to object to the trial court's refusal to issue or record findings of fact or conclusions of law following the hearing. Dkt. No. 15-6 at 15; Dkt. No. 15-7 at 15-16. To satisfy the exhaustion requirement, a claim must be presented to the highest court of the state – here the TCCA – for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 431 (1985). "To exhaust, a petitioner 'must have fairly presented the substance of his claims to the state courts.'" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (citations omitted). Further, "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)).

Because Manifold's state habeas claim relating to the findings of fact and conclusions of law relied upon a different theory than what he presents here – namely, that his counsel was ineffective – he failed to "fairly present" the due-process-based claim that he presents here to the TCCA, and it is unexhausted.

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. This is a codification of the judicially-created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Here, Manifold has not argued, much less shown, cause for the default or actual prejudice resulting from a violation of federal law. Nor has he argued or shown that the failure to consider his due process claim will result in a fundamental miscarriage of justice.

Further, as the State notes, even were this claim not procedurally barred, it is substantively meritless. At bottom, Manifold appears to claim that the trial court's failure to issue findings of fact and conclusions of law violates *state* law. *See* TEX. R. CIV. P. 297 (mandating that "[t]he court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed"). But, in federal habeas corpus actions, federal courts do not sit to review errors under state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). And to the extent that Manifold claims the state court's failure to issue findings of fact and conclusions of law violates his federal due process rights as well, he does not explain how this is so. He offers only conclusory allegations, which are insufficient to sustain a federal habeas petition. *See Rose v. Johnson*, 141 F.Supp.2d 661, 714 (S.D. Tex. 2001) ("Mere conclusory allegations, such as those made by Rose, are insufficient to raise constitutional claims on federal habeas corpus review.") (citing *Perillo v.*

11

*Johnson*, 79 F.3d 441, 444 (5th Cir. 1996); *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir.), *cert denied*, 519 U.S. 883 (1996); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982), *cert denied*, 461 U.S. 951 (1983)).

Thus, Manifold's ground for relief 3 – that his due process rights were violated by the failure of the trial court to issue and/or record its findings of fact and conclusions of law after a hearing – should be rejected.

### B. Fourth Amendment Claims

Manifold's two remaining grounds for relief – grounds 1 and 2 – essentially ask the Court to determine that there was no reasonable suspicion or probable cause to support the initial stop of his vehicle leading to his arrest, and no probable cause to support his warrantless arrest. More specifically, in ground 1, Manifold asserts that there was no "probable cause" to support the initial stop of his vehicle and subsequent arrest. *See* Dkt. No. 3 at 6. And in ground 2, Manifold argues that the trial judge erred in denying his motion to suppress evidence uncovered after the supposedly illegal search and seizure, as the judge did not give a fair hearing. *See id.* Manifold appears to argue that the hearing was unfair because of the trial judge's reasoning for finding reasonable suspicion for the initial stop of the vehicle, namely that Manifold's passenger-side tires "touched the white fog line." *See id.*

But, "[i]t is well settled law that a claim challenging the admission of evidence at trial pursuant to an unconstitutional search and seizure is not

12

cognizable in a federal habeas proceeding if the state has provided the opportunity for a full and fair litigation of the claim." *Meachum v. Stephens*, Civ. A. No. H-13-0140, 2014 WL 972210, at *8 (S.D. Tex. Mar. 12, 2014) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)). "The United States Court of Appeals for the Fifth Circuit has held that such a search and seizure claim cannot be reviewed after the petitioner has been provided an opportunity to challenge the search and seizure regardless of whether he has taken advantage of it." *Id.* (citing *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (in turn citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)); *see also Thompson v. Davis*, No. 3:15-cv-2246-L-BN, 2016 WL 8262052, at *3 (N.D. Tex. Dec. 9, 2016), *rep. and rec. adopted* 2017 WL 661399 (N.D. Tex. Feb. 17, 2017) (refusing, in light of *Stone*, to consider the merits of petitioner's Fourth Amendment claims in § 2254 petition). "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Even further, the Fifth Circuit has held that "in the absence of allegations that the process provided by a state to fully and fairly litigate fourth amendment claims are routinely or systemically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits," *Stone* forecloses review. *Williams*

13

*v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Indeed, errors adjudicating Fourth Amendment claims "are not an exception to *Stone's* bar." *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (citing *Janecka*, 301 F.3d at 322) (applying *Stone* where petitioner claimed that Texas Court of Criminal Appeals overlooked his Fourth Amendment claim); *Christian v. McKaskle*, 731 F.2d 1196 (5th Cir. 1984) (holding that *Stone* applies even though state habeas court erroneously ruled that petitioner's claim had been adjudicated on direct review); *Williams*, 609 F.2d at 220 (holding that *Stone* applied even though state court refused to review Fourth Amendment claim under erroneous belief that it had already been raised and addressed).

Here, "Texas affords a process for criminal defendants to challenge an illegal search and seizure by filing a motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure…" *Meachum*, 2014 WL 972210, at *8. And Manifold also had a full and fair opportunity to litigate his Fourth Amendment claim on direct appellate review.

Liberally construing his filings, Manifold appears to argue in response that he did not have a full and fair opportunity to litigate the propriety of his motion to suppress in relation to his possession-with-intent-to-deliver conviction on direct appeal. The Texarkana Court of Appeals found Manifold waived any argument related to the motion to suppress in that case because his counsel only filed a motion to suppress in the tampering-with-evidence case. But, Manifold argues, at the time his counsel filed a motion to suppress,

14

the cases had not been so demarcated: only one criminal case against Manifold had been "indicted" – the tampering-with-evidence case. *See* Dkt. No. 18 at 8. So, the argument goes, he should be excused from the procedural requirement of filing a motion to suppress in each case, as the arguments supporting the motion to suppress would be generally applicable to all charges stemming from the arrest.

Regardless of the merits of that argument though, because Manifold presents no "argument that Texas courts systemically and erroneously apply the state procedural bar to prevent adjudication of Fourth Amendment claims," his Fourth Amendment claims should not be considered. *Moreno,* 450 F.3d at 167 (finding that *Stone* precluded federal habeas claim regarding sufficiency, for Fourth Amendment purposes, of warrant where the TCCA refused to rule on the claim because the petitioner failed to properly include the affidavit and warrant in the appellate record and there were no allegations of a systemic application of state procedures to bar litigation of Fourth Amendment claims); *see also Janecka*, 301 F.3d at 321 ("To begin, we have previously held that, absent additional allegations that state processes routinely or systemically are applied in such a way as to prevent the actual litigation of Fourth Amendment claims, mistakes that thwart the presentation of Fourth Amendment claims do not render the *Stone* bar inapplicable."); *Shisinday v. Quarterman*, Civil Action No. H-06-814, 2007 WL 776680, at *21 (S.D. Tex. Mar. 9, 2007) (finding that *Stone* barred

15

consideration of petitioner's claims that officer lacked probable cause to arrest him without a warrant and rejecting argument that petitioner could get around *Stone* bar because of a disagreement with appellate court's finding that procedural rule barred consideration of his claims where the petitioner failed to include allegations that the state processes were routinely and systemically applied to prevent the actual litigation of Fourth Amendment claims). Thus, *Stone* requires the Court to forego consideration of Manifold's first and second grounds for habeas relief.

And the undersigned also agrees with the State that any argument regarding the validity of the motion to suppress is procedurally barred in relation to the possession-with-intent-to-deliver conviction. Again, Manifold challenged both his convictions on direct appeal, but he only filed a motion to suppress in the tampering-with-evidence case. *See Manifold*, 2017 WL 5180287, at *1. Thus, in relation to the possession-with-intent-to-deliver conviction, the Texarkana Court of Appeals held that Manifold failed to preserve this argument for appeal because he failed to file a motion to suppress in that case. Procedural default bars federal habeas review "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). That is clearly the case here, as the Texarkana Court of Appeals found that Manifold failed to preserve the argument that the trial court

16

improperly denied his motion to suppress in the possession-with-intent-to-deliver case because he failed to file a motion to suppress in that case. The TCCA then denied a PDR and denied Manifold's habeas applications without written order.

In *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), the Supreme Court explained that "where a reasoned state judgment explicitly imposes a procedural default, a federal court will presume that 'later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" *Leachman v. Stephens*, 581 F.App'x. 390, 395 (5th Cir. 2014) (citing *Ylst*, 501 U.S. at 803). So here, the Court looks through the "subsequent state habeas court denials to the decision of the state court on direct review to find that a procedural bar applied." *Leachman*, 581 F.App'x. at 395. Thus, the Texarkana Court of Appeal's clear reliance on a procedural bar to reject Manifold's suppression claim related to the possession-with-intent-to-deliver claim is controlling. And to overcome this procedural default, Manifold must show cause for the default as well as actual prejudice attributable to the default or a fundamental miscarriage of justice.

But Manifold has failed to do so. Again, he appears to attempt to justify his failure to file a motion to suppress in both cases by claiming that, at the time that his attorney filed the motion to suppress, only the destruction of evidence offense had "been indicted." Dkt. No. 18 at 8.

17

But "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (internal quotation marks and citation omitted). "Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Manifold shows nothing like that here; instead, he simply expresses disagreement with the Texarkana Court of Appeals' determination that the procedural rule applies.

And, to demonstrate actual prejudice, the petitioner must show " 'not merely that the errors … created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 493 (1986)). Again, Manifold does not present a convincing prejudice argument. He does not persuade the undersigned that the motion to suppress was improperly denied, much less that such error "infect[ed] his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493.

Manifold is not entitled to the relief he seeks based upon his first and second grounds for relief.

## Recommendation

The Court should deny Manifold's application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: June 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE